IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAGDA I. ORTIZ-GARCIA, et. al.　　*
　　　　　　　　　　　　　　　　　*
　　Plaintiffs　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　**Civil No. 98-1191(SEC)**
　　v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
MUNICIPALITY OF LAS PIEDRAS,　　　*
et. al.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Defendants　　　　　　　　　　*
**********************************

ORDER

On May 21, 2001 this Court held a settlement conference with counsel whereby the parties informed the Court that they had settled the case. See Mins. of Settl. Conf., Dkt. # 56. Plaintiff expressed that he only needed a certificate to the effect that the insurance policy he was provided with was the only insurance policy in effect at the time relevant to this case. The Court granted the parties until June 15, 2001 for counsel to provide the document requested and for the parties to file the settlement stipulation. To this day, the parties have not complied with the Court's Order.

The Court also notes for the record that this is not the first time that the parties show disregard for the Court's Orders. This case was *en route* to settlement as far back as February 5, 2001, when a settlement conference was held before Visiting Judge Robert J. Ward. See Mins. of Settl. Conf., Dkt. # 50. The minutes of that conference reflect that at that time, Judge Ward ordered Defendant's attorney to provide Plaintiff with a copy of the

AO 72A
(Rev.8/82)

**Civil No. 98-1191(SEC)** 2

insurance policy at issue. Id. A follow up telephone conference was held by Judge Ward on February 22, 2001. The minutes reflect that the insurance policy provided covered a period subsequent to the malpractice involved in this case. Judge Ward noted that once the relevant insurance policy was provided, the parties would settle for the limit of the policy if it amounted to $150,000. The parties were also ordered to report back on the status of the case to the presiding judge, in case they were unable to settle. Mins. of Proceedings, Dkt. # 51.

On April 3, 2001, the undersigned, noting that the case was stalled and that the parties had not filed a settlement stipulation or informed the Court of their discovery situation, ordered them to report by April 18, 2001 on the status of their negotiations. Dkt. # 52. However, the parties did not comply with the Court's Order. Consequently, the Court set a Settlement Conference for May 21, 2001. Dkt. # 54. At that time, the Court granted the parties an extension until June 15, 2001 to file a settlement stipulation, as provided above.

This pattern of disregard for the Court's Orders can give rise to a finding of contempt of Court and the imposition of a fine or other sanctions. In addition, Plaintiff's lack of prosecution can result in dismissal with prejudice under Fed.R.Civ.P. 41(b). The Court finds that there are grounds sufficient for both actions, however it will give counsel one opportunity to file the settlement stipulation by September 3, 2001. **A failure to do so will result in the imposition of sanctions and a dismissal with prejudice pursuant to Fed.R.Civ.P. 41(b).**

AO 72A
(Rev.8/82)

Civil No. 98-1191(SEC)                                                                                                    3

**SO ORDERED.**

In San Juan, Puerto Rico, this __22__ day of August, 2001.

                                             SALVADOR E. CASELLAS
                                             United States District Judge

AO 72A
(Rev.8/82)